# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LAWASKI C. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-213 (MTT) |
| | ) |
| BIBB COUNTY SPECIAL INVESTIGATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Brown moves to proceed in forma pauperis ("IFP"). Doc. 2. Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). To show poverty, a plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the plaintiff must demonstrate that "because of his poverty, he is

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

The Plaintiff claims he receives a monthly income of $192.00, incurs monthly expenses of $192.00, and possesses no assets. Doc. 2 at 1-5. Based on this information, the Court finds the Plaintiff has sufficiently demonstrated poverty under 28 U.S.C. § 1915. The Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**.

Because the Plaintiff is proceeding pro se, the Court must review his complaint and dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe the Plaintiff's pro se complaint liberally and in the light most favorable to the Plaintiff. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks and citation omitted).

From the Plaintiff's filings, it appears he was arrested in November 2018 by an Officer Smathers for willful obstruction of law enforcement officers and for driving without insurance. Doc. 1-1 at 1-3. The obstruction count was dismissed, but he was convicted of failure to maintain insurance and of driving while his license was suspended or revoked. *Id.* at 9. On March 13, 2019, he filed a complaint with the

Sheriff's Office claiming his information was being hacked and his emails were being deleted. *Id.* at 12-13. The handwriting is difficult, but the complaint appears to allege that officers were not returning the Plaintiff's phone calls, that he kept reaching a call center, and that "[a]ll the reports I have made my case have not gotten investigated or anything. I am planning on taking this to Court because I can't access my liberty income tax information that was connected to my email which got deleted somehow." *Id.* at 13. He also claims the officers have wrongly "labeled me as being crazy[.]" *Id.* at 14. A sheriff's report clarifies that Brown believed he was being followed, that someone had injected a pain-inducing substance into his knee, that the doctors' X-ray was wrong, and that the doctors were "[i]n on it as well." *Id.* at 16.

The complaint itself asks, "Where is the final report? And is the dash cam available for review for court proof[?]" Doc. 1 at 3. The complaint also asserts that in April 2019, Brown spoke to Defendant Patterson at the Special Investigation Office, but Patterson "redirected back to 111 Third St." *Id.* at 4. Brown seeks $20,000 and a Court-ordered investigation of everything he reported to the Sheriff's Office. *Id.* at 5.

The lawsuit plainly fails to state a claim. There is no allegation that the Defendants violated any law or that Brown has suffered any legally cognizable injury. Because it fails to pass review under 28 U.S.C. § 1915(e)(2)(B), the complaint (Doc. 1) is **DISMISSED** without prejudice.

**SO ORDERED**, this 26th day of July, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT